UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARIFA MOSED,
O/B/O M.A.H.N., a minor,

        Plaintiff,                             Case No: 13-10073

vs.                                                  HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**MEMORANDUM AND ORDER ADOPTING REPORT
AND RECOMMENDATION (Doc. 13), OVERRULING
PLAINTIFF'S OBJECTIONS (Doc. 14), DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(Doc. 11), GRANTING THE COMMISSIONER'S
MOTION FOR SUMMARY JUDGMENT (Doc. 12),
AFFIRMING THE ALJ'S DECISION DENYING
<u>BENEFITS AND DISMISSING CASE</u>**

**I. INTRODUCTION**

This is a Social Security case. Plaintiff Sharifa Mosed ("Plaintiff"), on behalf of her minor child M.A.H.N. appeals the final decision of the Commissioner of Social Security ("Commissioner") denying M.A.H.N.'s application for Childhood Supplemental Security Income ("CSSI"). M.A.H.N. sought CSSI due to his hearing limitations and asthma.

The parties filed cross motions for summary judgment (Docs. 11, 12). The motions were referred to a magistrate judge (MJ) for a report and recommendation (MJRR). The MJ recommends that Plaintiff's motion for summary judgment be denied and that the Commissioner's motion for summary judgment be granted. Plaintiff filed timely objections to the MJRR (Doc. 14). For the reasons that follow, the Court will adopt the MJRR, overrule Plaintiff's objections, deny Plaintiff's motion for summary judgment (Doc. 11), grant

the Commissioner's motion for summary judgment (Doc. 12), affirm the Commissioner's decision denying benefits, and dismiss this case.

## II. BACKGROUND

The facts are described in detail in the MJRR and are not repeated here. (Doc. 13 at 1–8). A brief summary follows.

At the time of the hearing before the ALJ, M.A.H.N. was a thirteen year old student at the "University Academy," where most of the other students were his cousins. M.A.H.N. wears hearing aids. He testified that he was teased at his old school for wearing hearing aids.

The medical evidence in the record documents M.A.H.N.'s hearing limitations. In 2004, M.A.H.N. was diagnosed with moderate hearing loss. M.A.H.N. underwent a myringotomy on two occasions, a procedure where tubes were placed inside his ears to improve his hearing. By 2010, M.A.H.N.'s hearing loss was deemed "mild" with the use of hearing aids. One doctor opined that M.A.H.N. would be "challenged in work environments that are noisy or where he has to hear very quiet sounds or voices," but that he "should perform reasonably well" in normal verbal environments.

M.A.H.N.'s hearing problems requiring the use of an auditory trainer were documented by his former teachers. However, the teachers found his problems acquiring and using information, as well as the hearing limitations, to be "slight."

The ALJ, considering all of the evidence in the record, found that M.A.H.N. had hearing limitations and asthma. However the ALJ concluded that these limitations were not significant and did not meet or equal any listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1. The ALJ recognized that M.A.H.N. was in sixth grade, but reading at a 3.8

level. However, the ALJ also noted that M.A.H.N. passed all of his classes with "above or average grades." In sum the ALJ, weighing all the factors contained in 42 U.S.C. § 1382c(a)(3)(C)(i), explained *infra*, determined that M.A.H.N.'s hearing limitations and asthma were mild and that he was otherwise in good health. Benefits were denied.

The MJRR recommends affirming the ALJ's decision denying benefits. The MJRR explains that substantial evidence supports the ALJ's decision.

First, in response to Plaintiff's argument that the ALJ failed to consider M.A.H.N.'s inferior reading ability–he was reading at a 3.8 grade level while in sixth grade–the MJRR points to statements made by M.A.H.N.'s former reading teacher. M.A.H.N's former reading teacher noted that M.A.H.N. did not experience any limitation in the domain of acquiring and using information. In addition, the MJRR explains that assessments in 2010 and 2011 show that M.A.H.N. was an average to above average student and was making good progress. These assessments showed that M.A.H.N.'s hearing limitations were "slight." M.A.H.N's own testimony, according to the MJRR, also supports the ALJ's conclusion that his limitations were not significant.

Second, in response to Plaintiff's argument that the medical records show M.A.H.N. had some degree of hearing impairment even when using hearing aids, the MJRR explained that this hearing loss was documented as "mild." The MJRR reasoned that, although M.A.H.N. on one occasion was hit by a car while he was riding his bicycle, it is undisputed that M.A.H.N. was not wearing his hearing aids at the time. Finally, the MJRR states that "little, if any evidence supports the conclusion that [M.A.H.N.] experienced marked limitation in the domain of attending and completing tasks." (Doc. 13 at 12).

In sum, the MJRR recognized that M.A.H.N. showed some limitation as a result of

hearing loss and asthma, but that substantial evidence supported the ALJ's decision. On this basis, the MJRR recommends affirming the ALJ's decision denying benefits.

### III. STANDARD OF REVIEW

**A. Objections to MJRR**

A district court must conduct a de novo review of the parts of a MJRR to which a party objects. 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* The requirement that district judges with life tenure conduct a de novo review and be the final arbiters of matters referred to a magistrate judge is jurisdictional. *United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985); *Flournoy v. Marshall*, 842 F.2d 875, 878 (6th Cir. 1987).

**B. Commissioner's Disability Determination**

Judicial review of a Social Security disability benefits application is limited to determining whether "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. *Brainard v. Sec'y of HHS*, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 399 (1938). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support

the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Sec'y of HHS*, 987 F.2d 1230, 1233 (6thCir. 1993); *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009). The substantial evidence standard is deferential and "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

When determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must take into consideration the entire record as a whole. *Futernick v. Richardson*, 484 F.2d 647, 649 (6th Cir. 1973). If the Appeals Council declines to review the ALJ's decision, the court's review is limited to the record and evidence before the ALJ, *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993), regardless if the ALJ actually cited to the evidence. *Walker v. Sec'y of HHS*, 884 F.2d 241, 245 (6th Cir. 1989). Nonetheless, there is no requirement that the reviewing court discuss all evidence in the record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x. 496, 508 (6th Cir. 2006). Essentially, the court's role is limited to search for substantial evidence that is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

**C. Childhood Supplemental Security Income ("CSSI")**

42 U.S.C. § 1382c(a)(3)(C)(i) states:

An individual under the age of 18 shall be considered disabled for purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

As the MJRR explains, the analysis for determining whether an individual under the age of 18 shall be considered disabled requires a three step analysis: (1) whether the child is "doing substantial gainful activity"; (2) whether the child has a severe impairment; and (3) if the child has a severe impairment, whether that impairment "meets, medically equals, or functionally equals the listings." 20 C.F.R. § 416.924(a).

## IV. ANALYSIS

Plaintiff has two objections to the MJRR. Both are without merit.

*First*, Plaintiff says that the ALJ "cherry-picked" evidence instead of considering all of the evidence in the record. Plaintiff places great weight on the fact that M.A.H.N. was reading at a 3.8 grade level while he was in sixth grade. Plaintiff states: "Clearly, some further analysis was in order here, since an individual who is three or four grades behind by the sixth grade is *not* acquiring and using information in an age-appropriate, let alone unrestricted, fashion." (Doc. 14 at 3) (emphasis in original).

Plaintiff's argument that the ALJ "cherry-picked" evidence, which is stated in the papers and was raised again at oral argument, is not supported by the record. As the MJRR noted, while the record contains evidence of M.A.H.N.'s limitations, the record also contains evidence that these limitations were not severe enough to qualify for CSSI benefits. This evidence, which was summarized above, was cited in the ALJ's decision and the MJRR and is not repeated here. The ALJ relied on this evidence when reaching a decision. The ALJ's decision was based on substantial evidence. That the ALJ did not cite to certain evidence that helps Plaintiff's position does not change the result. *Walker v. Secretary of Health and Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989) ("[I]t is clear that

. . . the district court may look to any evidence in the record regardless of whether it has been cited. . . .").

*Second*, Plaintiff argues that the MJRR erred in assuming that M.A.H.N. wore his hearing aids regularly based on the fact that he testified that he was not teased at his new school. Plaintiff points to M.A.H.N.'s contradictory testimony where he says that some of the students at his new school make fun of his hearing ability and call him a "penguin." The record, however, supports the MJRR's assumption. As the ALJ noted, M.A.H.N.'s grades were average or above average, and he was making good progress. M.A.H.N.'s teachers noted on his assessments that his hearing limitations were "slight." These findings support the inference that M.A.H.N. was wearing his hearing aids to school.

In sum, the MJRR correctly observed that the ALJ's decision denying benefits was based on substantial evidence. Thus, Plaintiff's objections to the MJRR will be overruled.

## V. CONCLUSION

For the reasons stated above,

the MJRR (Doc. 13) is ADOPTED as the findings and conclusions of the court;

Plaintiff's objections (Doc. 14) are OVERRULED;

Plaintiff's motion for summary judgment (Doc. 11) is DENIED;

the Commissioner's motion for summary judgment (Doc. 12) is GRANTED;

the ALJ's decision denying benefits is AFFIRMED;

and this case is DISMISSED.

SO ORDERED.

                                               S/Avern Cohn
                                               UNITED STATES DISTRICT JUDGE

Dated:  March 28, 2014

                13-10073 Sharifa Mosed v. Commissioner of Social Security

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 28, 2014, by electronic and/or ordinary mail.

            <u>S/Sakne Chami</u>
            Case Manager, (313) 234-5160